# Exhibit C

**EXECUTION VERSION**
**KKR Loan No. 2666001**

**PROMISSORY NOTE**

Up to $83,700,000.00                                     New York, New York
                                                        June 28, 2024

FOR VALUE RECEIVED **LAK BOURSE OWNER, LLC**, a Delaware limited liability company, having an address at c/o of Keystone Development + Investment, 1001 Conshohocken State Road, Suite 2-201, West Conshohocken, Pennsylvania 19428 (together with its permitted successors and permitted assigns, "**Bourse Fee Borrower**"), **LAK BOURSE MASTER HTC LANDLORD, LLC**, a Delaware limited liability company, having an address at c/o of Keystone Development + Investment, 1001 Conshohocken State Road, Suite 2-201, West Conshohocken, Pennsylvania 19428 (together with its permitted successors and permitted assigns, "**Bourse Leasehold Borrower**", and together with Bourse Fee Borrower, collectively, "**Bourse Borrower**"), **LAK 400 OWNER, LLC,** a Delaware limited liability company, having an address at c/o of Keystone Development + Investment, 1001 Conshohocken State Road, Suite 2-201, West Conshohocken, Pennsylvania 19428 (together with its permitted successors and permitted assigns, "**400 Market Fee Borrower**"), and **LAK MARKET MASTER HTC LANDLORD, LLC,** a Delaware limited liability company, having an address at c/o of Keystone Development + Investment, 1001 Conshohocken State Road, Suite 2-201, West Conshohocken, Pennsylvania 19428 (together with its permitted successors and permitted assigns, "**400 Market Leasehold Borrower**", and together with 400 Market Fee Borrower, collectively, "**400 Market Borrower**"; Bourse Fee Borrower, Bourse Leasehold Borrower, 400 Market Fee Borrower and 400 Market Leasehold Borrower, jointly and severally, each, a "**Borrower**" and collectively, "**Borrower**"), as maker, hereby unconditionally promises to pay to the order of **KREF LENDING III LLC**, a Delaware limited liability company, having an address at 30 Hudson Yards, Suite 7500, New York, New York 10001 (together with its successors and assigns, "**Lender**"), or at such other place as the holder hereof may from time to time designate in writing, the maximum principal sum of up to EIGHTY-THREE MILLION SEVEN HUNDRED THOUSAND AND NO/100 DOLLARS ($83,700,000.00), or so much thereof as is advanced from time to time, in lawful money of the United States of America, with interest thereon to be computed from the date of this Promissory Note (this "**Note**") in accordance with the terms of that certain Loan Agreement, dated as of the date hereof, between Borrower and Lender (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the "**Loan Agreement**"), together with all of the other amounts to be paid in accordance with the terms of this Note and the Loan Agreement. All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

**ARTICLE 1:  PAYMENT TERMS**

Borrower agrees to pay the principal sum of this Note and interest on the unpaid principal sum of this Note and all other amounts due under the Loan Agreement and the other Loan Documents from time to time outstanding at the rates and at the times specified in Article II of the Loan Agreement and the outstanding balance of the principal sum of this Note and all accrued and unpaid interest thereon and all other amounts due under the Loan Agreement and the other Loan Documents shall be due and payable on the Maturity Date.

107207349.10

## ARTICLE 2:  DEFAULT AND ACCELERATION

The Debt shall without notice become immediately due and payable at the option of Lender if not paid on the Maturity Date or upon the occurrence of any Event of Default, in each case in accordance with the terms of the Loan Agreement.

## ARTICLE 3:  LOAN DOCUMENTS

This Note is secured by the Mortgage and the other Loan Documents.  All of the terms, covenants and conditions contained in the Loan Agreement, the Mortgage and the other Loan Documents are hereby made part of this Note to the same extent and with the same force as if they were fully set forth herein.  In the event of a conflict or inconsistency between the terms of this Note and the Loan Agreement, the terms and provisions of the Loan Agreement shall govern.

## ARTICLE 4:  SAVINGS CLAUSE

Notwithstanding anything to the contrary contained herein or in any other Loan Document, (a) all agreements and communications between Borrower and Lender are hereby and shall automatically be limited so that, after taking into account all amounts deemed interest, the interest contracted for, charged or received by Lender with respect to the Loan shall never exceed the Maximum Legal Rate, (b) in calculating whether any interest on the Loan exceeds the Maximum Legal Rate, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Borrower to Lender, and (c) if through any contingency or event, Lender receives or is deemed to receive interest on the Loan in excess of the Maximum Legal Rate, any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding Obligations of Borrower to Lender (in which case such payment shall not be subject to any prepayment premium, penalty or fee), or if there is no such Obligations, shall immediately be returned to Borrower.

## ARTICLE 5:  NO ORAL CHANGE

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

## ARTICLE 6:  WAIVERS

Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby jointly and severally waive presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and non-payment and all other notices of any kind, except, in any such case, as otherwise required by the Loan Documents or applicable law.  No release of any security for the Debt or extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of this Note, the Loan Agreement or the other Loan Documents made by agreement between Lender or any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower or any other Person who may become liable for the payment of all or any part of the Debt under this Note, the Loan Agreement

2

10917047.v3

or the other Loan Documents.  No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided for in this Note, the Loan Agreement or the other Loan Documents.  If Borrower is a partnership or limited liability company, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the Persons comprising the partnership or limited liability company, and the term "Borrower," as used herein, shall include any alternate or successor partnership or limited liability company, but any predecessor partnership or limited liability company shall not thereby be released from any liability.  If Borrower is a corporation, the agreements contained herein shall remain in full force and be applicable notwithstanding any changes in the Persons comprising, or the officers and directors relating to, the corporation, and the term "Borrower," as used herein, shall include any alternative or successor corporation, but any predecessor corporation shall not be relieved of liability hereunder.  Nothing in the foregoing two sentences shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, limited liability company or corporation, which may be set forth in the Loan Agreement, the Mortgage or any other Loan Document.

## ARTICLE 7:  TRANSFER

Upon the transfer of this Note, Borrower hereby waiving notice of any such transfer (other than any such notice required by the Loan Documents, if any, or applicable law), Lender may deliver all of the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter; but Lender shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred.

## ARTICLE 8:  EXCULPATION

The provisions of <u>Section 11.22</u> of the Loan Agreement are hereby incorporated by reference into this Note to the same extent and with the same force as if fully set forth herein.

## ARTICLE 9:  GOVERNING LAW

**(A)    THIS NOTE WAS NEGOTIATED IN THE STATE OF NEW YORK, AND MADE BY BORROWER AND ACCEPTED BY LENDER IN THE STATE OF NEW YORK, AND THE PROCEEDS OF THIS NOTE WERE DISBURSED FROM THE STATE OF NEW YORK, WHICH STATE THE PARTIES AGREE HAS A SUBSTANTIAL RELATIONSHIP TO THE PARTIES AND TO THE UNDERLYING TRANSACTION EMBODIED HEREBY, AND IN ALL RESPECTS, INCLUDING, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, THIS NOTE AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT OF LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA.  TO THE FULLEST EXTENT PERMITTED BY LAW, EACH OF**

10917047.v3

**BORROWER AND LENDER (BY ITS ACCEPTANCE OF THIS NOTE) HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS NOTE AND/OR THE OTHER LOAN DOCUMENTS, AND THIS NOTE AND THE OTHER LOAN DOCUMENTS SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK PURSUANT TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW.**

**(B)    ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR BORROWER ARISING OUT OF OR RELATING TO THIS NOTE MAY AT LENDER'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN THE CITY OF NEW YORK, COUNTY OF NEW YORK, PURSUANT TO SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW AND BORROWER WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND BORROWER HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING. BORROWER DOES HEREBY DESIGNATE AND APPOINT:**

> **CT Corporation System**
> **28 Liberty Street**
> **New York, New York 10005**

**AS ITS AUTHORIZED AGENT TO ACCEPT AND ACKNOWLEDGE ON ITS BEHALF SERVICE OF ANY AND ALL PROCESS WHICH MAY BE SERVED IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY FEDERAL OR STATE COURT IN NEW YORK, NEW YORK, AND AGREES THAT SERVICE OF PROCESS UPON SAID AGENT AT SAID ADDRESS AND WRITTEN NOTICE OF SAID SERVICE MAILED OR DELIVERED TO BORROWER IN THE MANNER PROVIDED IN THE LOAN AGREEMENT SHALL BE DEEMED IN EVERY RESPECT EFFECTIVE SERVICE OF PROCESS UPON BORROWER IN ANY SUCH SUIT, ACTION OR PROCEEDING IN THE STATE OF NEW YORK. BORROWER (I) SHALL GIVE PROMPT NOTICE TO LENDER OF ANY CHANGED ADDRESS OF ITS AUTHORIZED AGENT HEREUNDER, (II) MAY AT ANY TIME AND FROM TIME TO TIME DESIGNATE A SUBSTITUTE AUTHORIZED AGENT WITH AN OFFICE IN NEW YORK, NEW YORK (WHICH SUBSTITUTE AGENT AND OFFICE SHALL BE DESIGNATED AS THE PERSON AND ADDRESS FOR SERVICE OF PROCESS), AND (III) SHALL PROMPTLY DESIGNATE SUCH A SUBSTITUTE IF ITS AUTHORIZED AGENT CEASES TO HAVE AN OFFICE IN NEW YORK, NEW YORK OR IS DISSOLVED WITHOUT LEAVING A SUCCESSOR.**

**ARTICLE 10:  WAIVER OF TRIAL BY JURY**

**BORROWER AND LENDER (BY ITS ACCEPTANCE OF THIS NOTE) EACH HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER**

4

10917047.v3

**EXIST WITH REGARD TO THE LOAN DOCUMENTS, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY BORROWER AND LENDER, AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE WITH REGARD TO THE LOAN DOCUMENTS. EACH PARTY IS HEREBY AUTHORIZED TO FILE A COPY OF THIS SECTION IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY THE OTHER PARTY.**

## ARTICLE 11:  NOTICES

All notices or other written communications hereunder shall be delivered in accordance with <u>Section 11.6</u> of the Loan Agreement.

## ARTICLE 12:  SUCCESSORS AND ASSIGNS

This Note shall be binding upon, and shall inure to the benefit of, Borrower and Lender and their respective successors and permitted assigns.  Lender shall have the right to assign or transfer its rights under this Note in connection with any assignment of the Loan and the Loan Documents.  Any assignee or transferee of Lender shall be entitled to all the benefits afforded to Lender under this Note.  Borrower shall not have the right to assign or transfer its rights or obligations under this Note without the prior written consent of Lender, as provided in the Loan Agreement, and any attempted assignment without such consent shall be null and void.

## ARTICLE 13:  JOINT AND SEVERAL LIABILITY

If more than one Person has executed this Note as "Borrower", the obligations and liabilities of all such Persons hereunder shall be joint and several.

## ARTICLE 14:  COUNTERPARTS

This Note may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one instrument.

10917047.v3

IN WITNESS WHEREOF, Borrower has duly executed this Note as of the day and year first above written.

**BORROWER**:

**LAK BOURSE OWNER, LLC,**
a Delaware limited liability company

By: _____
Name: Marc Rash
Title: Authorized Signatory

**LAK 400 OWNER, LLC,**
a Delaware limited liability company

By: _____
Name: Marc Rash
Title: Authorized Signatory

**LAK BOURSE MASTER HTC LANDLORD,
LLC,** a Delaware limited liability company

By: _____
Name: Marc Rash
Title: Authorized Signatory

**LAK MARKET MASTER HTC LANDLORD,
LLC,** a Delaware limited liability company

By: _____
Name: Marc Rash
Title: Authorized Signatory

[Signature Page to Promissory Note]