# Exhibit J

KKR Loan No. 2666001

## OMNIBUS ASSIGNMENT

**THIS OMNIBUS ASSIGNMENT** (this "**Assignment**"), made as of the 19th day of December, 2025 by **KREF LENDING III LLC**, a Delaware limited liability company, having an office at 30 Hudson Yards, Suite 7500, New York, New York 10001 ("**Assignor**"), to **KREF CAPITAL LLC**, a Delaware limited liability company having an address at 30 Hudson Yards, Suite 7500, New York, New York 10001 ("**Assignee**").

KNOW ALL MEN BY THESE PRESENTS, that in consideration of the sum of TEN DOLLARS ($10.00) lawful money of the United States and other good and valuable consideration, to it in hand paid at or before the ensealing and delivery of these presents, the Assignor by these presents does grant, bargain, sell, convey, assign, transfer and set over unto Assignee without recourse and without covenant, representation or warranty in any respect, the loan documents referenced in Schedule A attached hereto and made a part hereof (the "**Loan Documents**") and all of Assignor's right, title and interest in, to and under the Loan Documents, and all of Assignor's right, title and interest, if any, in, to and under all other documents executed and/or delivered in connection with the loan evidenced and/or secured by the Loan Documents (the "**Loan**"), including, without limitation, all of Assignor's right, title and interest in the Loan and any collateral, security, certificates of deposit, letters of credit, performance bonds, demands, causes of action, all related certificates, bank accounts, operating accounts, reserve accounts, escrow accounts and other accounts, opinions, financial statements of the Borrower (as defined in Schedule A) and any guarantors and any other collateral arising out of and/or executed and/or delivered in or to or with respect to the Loan, all rights and benefits of Assignor related to the Loan Documents and such other documents, and all of Assignor's rights, title and interest in, to and under all claims and chooses in action related to the Asset and/or the Loan Documents.

Assignor represents and warrants that Schedule A represents a true, correct and complete list of all material Loan Documents delivered in connection with the Loan, that true counterpart originals of the Loan Documents have been delivered to Assignor in connection with the Loan, that true counterpart originals of the Loan Documents have been delivered by Assignor to Assignee (or to a specified custodian to be held on behalf of Assignee), that Assignor currently owns the Loan Documents and the related rights described above and that the Loan Documents and the related rights described above are not, and have not been, pledged, nor assigned, to another party and are not otherwise encumbered, that the Loan Documents have not been amended, modified, supplemented or restated, except as set forth on Schedule A, that, to Assignor's knowledge, there currently exists no default under any of the Loan Documents, that Assignor is duly formed and is validly existing under the laws of the jurisdiction under which it was formed with full power to execute and deliver this Assignment, and that all actions necessary to authorize the execution, delivery, and performance of this Assignment on behalf of Assignor have been duly taken, and all such actions continue in full force and effect as of the date hereof.  Assignor hereby indemnifies Assignee for any claim made by the borrower for any additional interest paid on the Loan to Assignor prior to the date hereof.

TO HAVE AND TO HOLD unto Assignee, its successors, and assigns forever.

107537278.6

This Assignment shall be governed by the laws of the State of New York without giving effect to the conflict of laws principles thereof.

This Assignment may be executed by one or more parties to this Assignment in any number of counterparts and all said counterparts taken together shall be deemed to constitute one and the same instrument.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

[Signature Page to Omnibus Assignment]

IN WITNESS WHEREOF, Assignor and Assignee caused these presents to be duly executed as of the day and year first written above.

**ASSIGNOR:**

**KREF LENDING III LLC,**
a Delaware limited liability company

By: _____
     Name: Patrick Mattson
     Title: Authorized Signatory

[Signature Page to Omnibus Assignment]

**ASSIGNEE:**

**KREF CAPITAL LLC,**
a Delaware limited liability company

By: _____

Name: Patrick Mattson
Title: Authorized Signatory

[Signature Page to Omnibus Assignment]

## Schedule A

## Loan Documents

*(All documents are dated as of June 28, 2024, unless otherwise indicated.)*

1. Loan Agreement, by and between KREF LENDING III LLC, a Delaware limited liability company ("**Lender**") and LAK BOURSE OWNER, LLC, a Delaware limited liability company ("**Bourse Fee Borrower**"), LAK BOURSE MASTER HTC LANDLORD, LLC, a Delaware limited liability company ("**Bourse Leasehold Borrower**"), LAK 400 OWNER, LLC, a Delaware limited liability company ("**400 Market Fee Borrower**"), and LAK MARKET MASTER HTC LANDLORD, LLC, a Delaware limited liability company ("**400 Market Leasehold Borrower**", and together with Bourse Fee Borrower, Bourse Leasehold Borrower, 400 Market Fee Borrower, jointly and severally, each, a "**Borrower**" and collectively, "**Borrower**")

2. Promissory Note, made by Borrower payable to the order of Lender, in the principal amount of up to $83,700,000.00.

3. Open-End Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, made by Borrower, for the benefit of Lender, recorded in the Recorder's Office on July 9, 2024, as Document ID: 54317813

4. UCC-1 Financing Statement, naming Bourse Fee Borrower and Bourse Leasehold Borrower (collectively, "**Bourse Borrower**"), as debtor, and Lender, as secured party, filed with the Recorder's Office in the State of Delaware on July 1, 2024, as Filing No: 20244436299

5. UCC-1 Financing Statement, naming Bourse Borrower, as debtor, and Lender, as secured party, filed with the Recorder's Office in the State of Pennsylvania on July 9, 2024, as Document ID: 54317816

6. UCC-1 Financing Statement, naming 400 Market Fee Borrower and 400 Market Leasehold Borrower (collectively, "**400 Market Borrower**"), as debtor, and Lender, as secured party, filed with the Recorder's Office in the State of Delaware on July 1, 2024, as Filing No: 20244435903

7. UCC-1 Financing Statement, naming 400 Market Borrower, as debtor, and Lender, as secured party, filed with the Recorder's Office in the State of Pennsylvania on July 9, 2024, as Document ID: 54317815

8. UCC-1 Financing Statement, naming LAK Bourse Mezz, LLC, a Delaware limited liability company ("**Bourse Fee Sole Member**"), and LAK Bourse HTC Master Landlord Mezz, LLC, a Delaware limited liability company ("**Bourse Leasehold Sole Member**"), as debtor, and Lender, as secured party, filed with the Recorder's Office in the State of Delaware on July 1, 2024, as Filing No: 20244435770

107537278.6

9. UCC-1 Financing Statement, naming LAK 400 Market Mezz, LLC, a Delaware limited liability company ("**Market Fee Sole Member**"), and LAK Market HTC Master Landlord Mezz, LLC, a Delaware limited liability company ("**Market Leasehold Sole Member**"), as debtor, and Lender, as secured party, filed with the Recorder's Office in the State of Delaware on July 1, 2024, as Filing No: 20244436372

10. UCC-1 Financing Statement, naming LAK Bourse ML MM, LLC, a Delaware limited liability company, as debtor, and Lender, as secured party, filed with the Recorder's Office in the State of Delaware on July 1, 2024, as Filing No: 20244436083

11. UCC-1 Financing Statement, naming LAZ Market ML MM, LLC, a Delaware limited liability company, as debtor, and Lender, as secured party, filed with the Recorder's Office in the State of Delaware on July 1, 2024, as Filing No: 20244435515

12. Assignment of Leases and Rents, made by Borrower, to Lender, recorded in the Recorder's Office on July 9, 2024, as Document ID: 54317814

13. Environmental Indemnity Agreement, by and between Borrower and DSA Guarantor LLC, a Delaware limited liability company, in favor of Lender

14. Guaranty of Completion, made by DSA Guarantor LLC, a Delaware limited liability company, to Lender

15. Guaranty of Recourse Obligations, made by Dean Adler, an individual, to Lender

16. Guaranty of Payment, made by Dean Adler, an individual, to Lender

17. Sole Member Guaranty, made by Bourse Fee Sole Member and Bourse Leasehold Sole Member, to Lender

18. Sole Member Guaranty, made by Market Fee Sole Member and Market Leasehold Sole Member, to Lender

19. Sole Member Guaranty, made by LAK Bourse ML MM, a Delaware limited liability company, to Lender

20. Sole Member Guaranty, made by LAK Market ML MM, a Delaware limited liability company, to Lender

21. Pledge and Security Agreement, made by Bourse Fee Sole Member and Bourse Leasehold Sole Member, in favor of Lender

22. Pledge and Security Agreement, made by Market Fee Sole Member and Market Leasehold Sole Member, in favor of Lender

23. Pledge and Security Agreement, made by LAK Bourse ML MM, a Delaware limited liability company, in favor of Lender

107537278.6

24. Pledge and Security Agreement, made by LAK Market ML MM, a Delaware limited liability company, in favor of Lender

25. Cash Management Agreement, by and among Bourse Fee Borrower, PNC Bank, National Association, and Lender

26. Conditional Assignment of Management Agreement and Subordination of Management Agreement, by and among Bourse Borrower, Lender and acknowledged and agreed to by Keystone Property Group, L.P., a Pennsylvania limited partnership ("**Manager**")

27. Deposit Account Control Agreement, by and among Bourse Leasehold Borrower, Lender and TriState Capital Bank, a Pennsylvania state chartered banking institution

28. Deposit Account Control Agreement, by and among 400 Market Leasehold Borrower, Lender and TriState Capital Bank, a Pennsylvania state chartered banking institution

29. Conditional Assignment of Management Agreement and Subordination of Management Agreement, by and among Market Borrower, Lender and acknowledged and agreed to by Manager

30. Conditional Assignment of Leasing Agreement and Subordination of Leasing Agreement, by and among Bourse Borrower, Lender and acknowledged and agreed to by Keystone Properties Group, Inc., a Pennsylvania corporation

31. Collateral Assignment of Interest Rate Protection Agreement, by Bourse Borrower, in favor of Lender, acknowledged and agreed to by SMBC Capital Markets, Inc.

32. Pennsylvania Mortgage Enforceability and Corporate Legal Opinion, by Klehr, Harrison, Harvey and Branzburg LLP; and

33. New York Mortgage Enforceability and Corporate Legal Opinion, by Backenroth, Frankel & Krinsky, LLP

107537278.6