# Exhibit M

# Ballard Spahr
LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Raymond A. Quaglia
Tel: 215.864.8530
Fax: 215.864.8999
quaglia@ballardspahr.com

July 16, 2026

*By Federal Express and Email*

LAK Bourse Owner, LLC
LAK Bourse Master HTC Landlord, LLC
c/o Keystone Development + Investment
1001 Conshohocken State Road, Suite 2-201
West Conshohocken, PA 19428
Attention: Rich Gottlieb and Jamie Reyle
Email: rich@keystone.us and jreyle@keystone.us

Re:    NOTICE OF ACCELERATION of the loan to LAK Bourse Owner, LLC, and LAK Bourse Master HTC Landlord, LLC (together, "Borrower"), together with LAK 400 Owner LLC, and LAK Market Master HTC Landlord, LLC (together, "400 Market Borrower," and collectively with Borrower, "Original Borrower"), in the original principal amount of up to $83,700,000.00 (the "Loan"), evidenced by the Promissory Note in the principal amount of up to $83,700,000.00 dated June 28, 2024 (the "Note"), given by Original Borrower to KREF Lending III LLC ("Original Lender"), and the Loan Agreement between Original Borrower and Original Lender dated as of June 28, 2024 (as modified, the "Loan Agreement"), and secured by the Open-End Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of June 26, 2024, but effective as of June 28, 2024 (as modified, the "Mortgage"), from Original Borrower to Original Lender, the Note, the Loan Agreement, the Mortgage and all other loan documents (collectively, the "Loan Documents") having been assigned to and being held by KREF Capital LLC ("Lender"), and 400 Market Borrower having been released from liability by the Release (400 Market) dated March 5, 2025

Dear Borrower:

We are counsel to Lender with respect to the Loan.  Capitalized terms used and not defined herein shall be as defined in the Loan Documents.

Reference is made to the Notice of Event of Default, Imposition of Default Rate Interest, Notice of Recourse Events and Reservation of Rights from Lender dated May 7, 2026 (the "Notice of Default"), which notified Borrower that, among other things, Events of Default had occurred under the Loan Documents by virtue of Borrower's failure to satisfy certain Hotel Conversion Major Milestones, Borrower's failure to pay various accounts payable within 90 days, and the filing of multiple mechanics' liens against the mortgaged property.

#4914-1988-7293 v2

LAK Bourse Owner, LLC
LAK Bourse Master HTC Landlord, LLC
July 16, 2026
Page 2

The Mortgage provides that, "[u]pon the occurrence and during the continuance of any Event of Default," Lender may, among other things, "declare the entire unpaid Debt to be immediately due and payable." *See* Mortgage § 7.1(a).

PLEASE BE ADVISED THAT, AS OF THE DATE HEREOF, ONE OR MORE OF THE EVENTS OF DEFAULT IDENTIFIED IN THE NOTICE OF DEFAULT HAVE NOT BEEN CURED AND ARE CONTINUING.

PLEASE BE FURTHER ADVISED THAT, AS A RESULT OF THE OCCURRENCE AND CONTINUANCE OF THE EVENTS OF DEFAULT DESCRIBED IN THE NOTICE OF DEFAULT, (A) THE DEBT SECURED BY THE MORTGAGE IS HEREBY ACCELERATED AND DECLARED TO BE IMMEDIATELY DUE AND PAYABLE, (B) DEMAND IS HEREBY MADE OF BORROWER FOR THE IMMEDIATE AND FULL PAYMENT OF THE ENTIRE UNPAID DEBT, AND (C) INTEREST WILL CONTINUE TO ACCRUE AT THE DEFAULT RATE UNTIL THE DEBT IS PAID IN FULL.

Further, in the event Borrower makes any subsequent payment of any amount less than the full amount of the Debt due under the Loan ("Partial Payment"), Lender may apply such Partial Payment to the Debt as a partial payment. No such Partial Payment or the acceptance thereof by Lender shall constitute or be deemed or construed as a waiver of any Default under the Loan Documents. In addition, any Partial Payment or the acceptance of any Partial Payment of Lender shall not constitute or be deemed or construed as a cure of any existing Default under the Loan Documents, a modification of the Loan Documents or the terms of this letter, a reinstatement or satisfaction of the Loan, an election of remedies by Lender, or a waiver, modification, relinquishment or forbearance by Lender of any of Lender's rights or remedies under the Loan Documents or at law or in equity, all of which rights and remedies Lender hereby expressly reserves.

This Notice is provided as a courtesy and is not intended and should not be misconstrued as an admission that any written notice is otherwise due to Borrower from Lender.

As there may be other existing or potential Defaults or Events of Default, other than the Defaults and Events of Default described in the Notice of Default, Lender hereby reserves and preserves any and all of its rights, remedies and powers under the Loan Documents and applicable law and in equity with regard to the Defaults and Events of Default described in the Notice of Default and any other existing, potential or future Defaults and Events of Default under the Loan Documents.

#4914-1988-7293 v2

LAK Bourse Owner, LLC
LAK Bourse Master HTC Landlord, LLC
July 16, 2026
Page 3


If you should you have any questions regarding this matter, including the full amount of the Debt owed to Lender, please contact John Gors at 214-360-7239 or via e-mail at john.gors@ksam.com.

Sincerely,

*/s/ Raymond A. Quaglia*

Raymond A. Quaglia



cc:     John Gors (via email) (john.gors@ksam.com)

        Lubert-Adler, L.P. (via FedEx and email)
        2400 Market Street, Suite 301
        Philadelphia, PA 19203
        Attention: Dean Adler and Jessica Morgan
        Email: dadler@lubertadler.com and jmorgan@lubertadler.com

        Klehr Harrison Harvey Branzburg LLP
        1835 Market Street, 14th Floor
        Philadelphia, PA 19103
        Attention: Bradley A. Krouse, Esq.
        Email: bkrouse@klehr.com




ATTENTION TO ANY DEBTOR IN BANKRUPTCY OR ANY DEBTOR WHO HAS RECEIVED A DISCHARGE IN BANKRUPTCY OR WHO MAY HAVE PAID OR SETTLED OR OTHERWISE NOT BE OBLIGATED UNDER THE LOAN: Please be advised that this letter constitutes neither a demand for payment of the Loan, nor a notice of personal liability to, nor action against, any recipient hereof who may have received a discharge of the Loan in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code or has paid or settled or is otherwise not obligated by law for the Loan.


#4914-1988-7293 v2